*E-Filed 12/16/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BYRON JOHNSON,

    Plaintiff,

    v.

RISENHOOVER, et al.,

    Defendants.

No. C 10-5638 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. For the reasons stated herein, defendants' unopposed motion to dismiss on grounds that plaintiff failed to exhaust his administrative remedies is GRANTED, and the action is hereby DISMISSED.

## BACKGROUND

In his amended complaint, plaintiff alleges that defendants, employees of Pelican Bay State Prison, failed to provide constitutionally adequate accommodations in response to plaintiff's vision impairments. Defendants assert that plaintiff failed to exhaust his administrative remedies until May 17, 2011, five months after the instant action was filed. These assertions are undisputed, plaintiff not having filed an opposition.


## DISCUSSION

Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

An action must be dismissed unless the prisoner exhausted his available administrative remedies <u>before</u> he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

According to the undisputed record, plaintiff's claims were not exhausted prior to the filing of his suit. Accordingly, defendants' motion to dismiss the action is GRANTED, and all claims are DISMISSED without prejudice to plaintiff refiling his complaint.

**IT IS SO ORDERED**.

DATED: December 16, 2011

RICHARD SEEBORG
United States District Judge